919 THIRD AVENUE NEW YORK, NY 10022-3908                                JENNER&BLOCK LLP

Joseph Noga
Tel +1 212 891 1676
JNoga@jenner.com

July 28, 2020

**VIA ECF & Email (Judge_Drain@nysb.uscourts.gov)**

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:   *Belton v. GE Capital Consumer Lending,* 14-ap-08223 (RDD)

Dear Judge Drain:

    We represent Defendant GE Capital Retail Bank ("GECRB") in the above-captioned litigation. We were sent an email by Plaintiff's counsel yesterday afternoon informing us that there would be a conference call with the Court at 4:30 pm today. Plaintiff did not request our availability before scheduling this call.

    We understand that Plaintiff is in the process of asking this Court to vacate its Order Granting GE Capital Retail Bank's Motion For A Stay Pending Appeal Of Order Denying Motion To Compel Arbitration, ECF No. 98 (the "Order"), even though the appeal has not yet fully run. The Court has noted the difficulty of the issues presented in these appeals and, as the defendant in the *Bruce* matter noted last year, the Court explicitly stated in the *Bruce* matter that "as far as I can see [these appeals] will go to the Supreme Court . . . ." *Bruce v. Citigroup, et al.*, Adv. Proc. 14-08224 (RDD), ECF No. 105 (attaching April 1, 2015 Hearing Tr. at 13). The Court was correct. GECRB will file a petition for a writ of certiorari with the Supreme Court that likely will be decided in January 2021. This event was plainly contemplated by the Court at the time of issuing the Order. Ms. Belton's request to vacate the Order early is unwarranted.

    We remind the Court that GECRB was the bank that originally suggested and executed tradeline deletion as a method to address the Court's concerns, which multiple banks subsequently implemented irrespective of whether they had an arbitration issue. The Order here was expressly conditioned upon GECRB engaging in a tradeline deletion protocol and there is no dispute that this protocol has been consistently executed. When the Court was issuing the Order, it rejected Plaintiff's suggestion of claims of substantial harm caused by delay and stated that the only remaining harm given the deletion of tradelines was potential damages for past events, which could be addressed later:

The Honorable Robert D. Drain
July 28, 2020
Page 2

> So I think I should condition the issuance of the stay as opposed to just deny it because I think they are entitled, if there is not substantial harm to parties interested in the litigation, to a stay. But that's, you know, a very serious issue here, and I think, you know, if it can be done to correct – to adjust the report or to delete the trade line [sic], then I think that harm goes away except for damages, and that can be dealt with later I think.

*Belton*, ECF No. 92, (Oct. 30, 2014 Hearing Tr. at 70:5-12). Plaintiff is not able to show any changes that created substantial harm and now require vacating the Order.

As the Court is well-aware, there was no risk of a tradeline like Ms. Belton's appearing after the entering of the Order. But today the deletion protocol in the Order is not even needed to ensure that no such tradeline will appear. GECRB continues a deletion protocol, but has broadened deletion beyond what is required by the Order to deleting the tradelines of accounts after a debt is reported sold irrespective of whether there is a subsequent bankruptcy. This conforms to what seems to have become an industry practice in the years since these proceedings were filed.[1]

In conclusion, nothing has changed to merit vacating the Order and it should not be vacated. A year ago this Court rejected a similar attempt in the *Bruce* case, and no material change has occurred since. But if the Court were to seriously consider the request, it should allow the parties to brief the issue.

Sincerely,

/s/

Joseph Noga

cc: Counsel of Record

JLN:trw

---

[1] Moreover, in December 2015 the credit reporting agencies modified their practices to put "included in bankruptcy" on tradelines reflecting sold debt when they issue credit reports. They do so unilaterally without requiring furnishers to take any action. Thus, under GECRB's current practice, there is no tradeline after sale at all, but, even if GECRB accidentally missed a tradeline for deletion, the credit reporting agencies would place "included in bankruptcy" on it if there were a subsequent bankruptcy. Plaintiff has no contrary information and is in no position to argue that there is a risk of a tradeline reappearing.