## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>NYREE BELTON,<br><br>        Debtor. | Chapter 7<br><br>Bankr. Case No. 12-23037 (RDD) |
| NYREE BELTON,<br><br>        Debtor and Plaintiff on behalf of herself and all others similarly situated,<br><br>  v.<br><br>GE CAPITAL CONSUMER LENDING, INC. A/K/A GE MONEY BANK,<br><br>        Defendant. | Bankr. Adv. Proc. No. 14-08223 (RDD) |
| In re<br><br>KIMBERLY BRUCE,<br><br>        Debtor. | Chapter 7<br><br>Bankr. Case No. 13-22088 (RDD) |
| KIMBERLY BRUCE,<br><br>        Debtor and Plaintiff on behalf of herself and all others similarly situated,<br><br>  v.<br><br>CITIGROUP, INC., CITIBANK, N.A., and CITIBANK (SOUTH DAKOTA), N.A.,<br><br>        Defendants. | Bankr. Adv, No. 14-08224 (RDD) |

## **OPPOSITION TO PLAINTIFFS' MOTION TO LIFT THE STAY**

# TABLE OF CONTENTS

I. Procedural Background on the Motions ................................................................................. 1

II. The Stay Orders ..................................................................................................................... 1

III. Plaintiffs' Latest Requests to Lift the Stays Should Be Denied ............................................. 2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berni v. Barilla S.p.A.*,
　964 F.3d 141 (2d Cir. 2020)..................................................................................................3

*In re Belton v. GE Capital Retail Bank*,
　961 F.3d 612 (2d Cir. 2020)..................................................................................................1

*Nicosia v. Amazon.com, Inc.*,
　834 F.3d 220 (2d Cir. 2016)..................................................................................................3

Defendants GE Capital Retail Bank ("GECRB"), Citigroup Inc., and Citibank, N.A. on behalf of itself and as successor in interest to Citibank (South Dakota), N.A. ("Citi") (collectively, "Defendants"), jointly submit this memorandum in opposition to Plaintiffs' motions to lift the stays pending final disposition of appeals in *Belton v. GE Capital Consumer Lending*, 14-ap-08223 (RDD) ("*Belton*") and *Bruce v. Citigroup, et al.*, Adv. Proc. 14-08224 (RDD) ("*Bruce*").

## I. Procedural Background on the Motions

Plaintiffs seek the lifting of the stays pending appeal before a petition for *certiorari* is decided. Each of the stay orders by its terms was expressly designed to remain in place pending final appeals of the motions to compel arbitration. *See Belton*, ECF No. 98 (order staying action "during the pendency of GECRB's appeal"); *Bruce*, ECF 92 (order staying action until "final disposition of Citi's appeal"). Notably, the opinion at issue is one as to which the Second Circuit panel stated at the outset that its hands were bound by a prior Second Circuit decision, but if "we were writing on a blank slate, perhaps our conclusion would be different." *In re Belton v. GE Capital Retail Ban*k, 961 F.3d 612, 613 (2d Cir. 2020). The petition is due by November 13, 2020, but will likely be filed in October. If so, a decision on the petition is likely in January 2021. If the petition is granted, a decision on merits should be issued by June 2021. The Court should again reject Plaintiffs' attempts to undermine or prematurely end the stays pending final appeal.

## II. The Stay Orders

In 2014 this Court denied a motion of GE Capital Retail Bank ("GECRB") to compel arbitration in the *Belton* proceeding. The Court then offered to stay the proceeding pending appeal if the tradelines at issue regarding sold debt and a subsequent chapter 7 discharge were changed. As the Court explained, if the allegedly offending information was no longer present, then "I think [GECRB] are entitled, if there is not substantial harm to parties interested in the litigation, to a

stay." *Belton*, ECF No. 92 (Oct. 30, 2014 Hearing Tr. at 70:5-12).

GECRB explained that it did not believe it had the option to change the tradelines, but stated that it was willing to request that the credit reporting agencies delete the tradelines at issue so that the credit reporting agencies would not create credit reports in the manner that Belton alleged was wrongful. After multiple rounds of objections by Belton – who essentially argued the immediate pursuit of the proceeding on her terms was more important than the putative class being relieved of the harm she alleged – the Court rejected Belton's position and issued an order staying the proceeding pending appeal. *Belton*, ECF No. 98 (Order Granting GE Capital Retail Bank's Motion For A Stay Pending Appeal Of Order Denying Motion To Compel Arbitration). A similar order in the *Bruce* proceeding followed shortly thereafter providing that (i) Citi delete the putative class's tradelines and (ii) a stay would issue pending "final disposition of Citi's appeal of this Court's Arbitration Order." *Bruce*, ECF No. 92 (Order Staying Adversary Proceeding Pending Appeal of Order Denying Motion to Compel Arbitration). There is no dispute that defendants have complied with the terms of the stay orders.

At the time of issuing the orders, this Court anticipated that the appeals may go all the way to the Supreme Court. In fact, just last year Citi noted such statements when discussing whether the stay in *Bruce* should be lifted (this Court refused to lift the stay). *Bruce*, ECF No. 105 (attaching April 1, 2015 Hearing Tr. at 13 ("as far as I can see [these appeals] will go to the Supreme Court . . . .")). It is undisputed that the appeals have not yet fully run through the Supreme Court and that there will be a petition for *certiorari* in at least *Belton*.

### III. Plaintiffs' Latest Requests to Lift the Stays Should Be Denied

Plaintiffs' half-hearted attempt to vacate the stay orders seeks to turn stay analysis on its head. The Court's view in issuing the stays was that they were warranted because there was no

substantial harm with the tradeline deletion protocol in place. Plaintiffs do not assert that there has been a change in this regard and that substantial harm has arisen. Rather, they argue that the stay orders are essentially moot because they do not believe that GECRB and Citi will change their deletion practices even if the stays are lifted. Plaintiffs' Mot., *Belton*, ECF 121, Attachment 1 at 3, *Bruce,* ECF 113, Attachment 1 at 3 ("[i]t has been over five years since Defendants ceased the offending conduct and they have not indicated any intention to resume their prior practice"). Although not stated explicitly, Plaintiffs' counsel – who handles hundreds or thousands of chapter 7 cases and regularly pulls credit reports – likely is also driven by the knowledge that the credit reporting agencies have acted independently to prevent any tradelines of any furnisher from appearing in the allegedly offending manner. But these facts are not a reason to lift the stays – they just further confirm there is no reason that the proceedings must be litigated immediately because of substantial harm.

Plaintiffs express a need to move forward so that they can seek an injunction requiring what the stays pending appeal already have accomplished. However, having admitted that the allegedly offending prior content is not reappearing in any event, they should be precluded from seeking an injunction. *See generally Berni v. Barilla S.p.A.*, 964 F.3d 141, 147-49 (2d Cir. 2020) ("Where there is no likelihood of future harm, there is no standing to seek an injunction, and so no possibility of being certified as a Rule 23(b)(2) class."); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) ("Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury."). The Plaintiffs' ability to muster only two sentences of explanation on why the stay should be lifted just further underscores the lack of merit in the request to lift the stay (and the ultimate lack of merit in demanding injunctive relief).

The stay orders appear to have accomplished the most the Court could have intended when

3

they were issued. As Plaintiffs note, the deletion of tradelines after the sale of charged off debt is now an established practice. Moreover, the credit reporting agencies acted to change their method of credit report preparation regarding chapter 7 discharges which moots this Court's previously expressed concern. The headwaters for these changes is the Court offering and the *Belton* and *Bruce* Defendants accepting conditioned stays pending appeal – stays which Plaintiffs initially opposed and now seek to lift. *See* Belton, ECF 92 (October 30, 2014 Hearing Tr.), ECF 99 (November 10, 2014 Hearing Tr.).

For five and a half years the stay orders have ensured the deletion of tradelines referencing Defendants and sold debt where there was a subsequent chapter 7 discharge. To put that in perspective, the stay orders ensured deletion for longer periods of time than do the settlements with banks in three similar suits (those periods were three or four years and all end in the Fall of 2021). As such, Plaintiffs' counsel is in no position to argue that the length of the conditioned stays is insufficient to address the alleged harm.

The Defendants should receive the full benefit of the conditioned stays as offered and entered by the Court. There is no merit in Plaintiffs' attempts to have the stays lifted early so that they can seek injunctive relief addressing a risk of harm they admit does not exist.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motions and the cases should remain stayed in accordance with the orders pending final disposition of the petition for certiorari and any merits appeal should the petition be granted.

Dated: September 10, 2020
      New York, New York                /s/ Joseph L. Noga

Joseph L. Noga
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, New York 10022
(212) 891-1600
jnoga@jenner.com

*Attorneys for GE Capital Retail Bank*


                /s/ Benjamin R. Nagin

Benjamin R. Nagin
Jon Muenz
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
bnagin@sidley.com
jmuenz@sidley.com

*Attorneys for the Citi Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify under penalty of perjury that, on September 10, 2020, I caused a copy of the foregoing Opposition to Plaintiffs' Motion to Lift The Stay to be served electronically to all counsel of record using the Court's ECF system.

                                         /s/ Ian D. Johnston
                                         Ian D. Johnston